IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER DRACH,

                        Petitioner,

         v.                               CASE NO. 07-3135-SAC

LOUIS BRUCE,

                        Respondent.

## O R D E R

    Petitioner proceeds with counsel on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner acknowledges his petition is not filed within the one year limitation period in 28 U.S.C. § 2244(d)(1), but contends the petition should be considered because the limitation period in § 2244(d)(1) as applied to a prisoner's first habeas petition constitutes an unconstitutional suspension of the writ and violates the prisoner's right to procedural due process. Having reviewed respondent's preliminary response, and petitioner's reply, the court finds no merit to petitioner's constitutional arguments, and concludes the petition should be dismissed as time barred.

    The Antiterrorism and Effective Death Penalty Act (AEDPA) enacted in 1996 imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom

is pending).

In the present case, petitioner's conviction became final in July 2000 when the time for seeking certiorari review in the United States Supreme Court expired. *See* Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed). Petitioner did not seek post-conviction relief in the state courts within the one year provided by § 2244(d)(1) to toll the running of the federal limitation period, and petitioner's pursuit of post-conviction relief in a motion filed in the state courts in April 2004 had no tolling effect on the already expired limitations period.[1] *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitation period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Petitioner recognizes he did not file the instant habeas application within the time period provided by § 2244(d)(1), and concedes he cannot make a showing that would entitle him to any equitable tolling of that one year period.[2] *See* Marsh v. Soares,

---

[1] Shortly before filing the instant habeas application, petitioner asked the Kansas Supreme Court to recall the mandate and reinstate petitioner's direct appeal. Petitioner's motion for this court to take judicial notice of the Kansas Supreme Court's denial of that request is granted.

[2] Petitioner cites his ignorance of the limitation period until counsel was retained in 2004. However, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(quotation omitted). *See also* Miller v. Marr, 141 F.3d 976,

223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied*, 531 U.S. 1194 (2001). He contends, however, that application of the § 2244(d)(1) limitation period to a prisoner's first federal habeas application violates the Suspension Clause, the Constitution's prohibition against suspending the writ.[3] The court disagrees.

Although petitioner correctly notes the Supreme Court has not specifically ruled on this issue, the Tenth Circuit has. Where no claim of actual innocence is involved, § 2244(d) does not violate a petitioner's rights under the Suspension Clause. Miller v. Marr, 141 F.3d 976 (10th Cir.) (citations omitted), *cert. denied*, 525 U.S. 891 (1998). In the present case, petitioner concedes he cannot establish a claim of "actual innocence" as provided in House v. Bell, 547 U.S. 518 (2006), because there is no new exculpatory evidence to show that a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent. Miller, 141 F.3d at 978. Nevertheless, petitioner maintains he did not murder his wife, and argues he is constitutionally entitled to judicial review of the merits of his allegations of unconstitutional and unlawful actions that resulted in his wrongful state conviction.

---

978 (10th Cir. 1998)(equitable tolling not justified by petitioner not knowing about AEDPA time limitation).

[3] The Suspension Clause reads: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl.2.

Petitioner bears the burden of demonstrating that application of the § 2244(d)(1) limitation period in his case rendered the habeas remedy "inadequate or ineffective" to test the legality of his detention. Miller, 141 F.3d at 977. The court finds petitioner has not sustained this burden.

Petitioner also argues the limitation period in § 2244(d)(1) violates his rights to procedural due process by denying petitioner a meaningful forum to raise his claims. Because petitioner's constitutional claim is covered by the Suspension Clause, however, it must be analyzed under the standard applicable to that specific constitutional provision, and not under the general rubric of due process. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Finding no merit to petitioner's constitutional challenge to application of the § 2244(d)(1) limitation period in this matter, the court concludes the petition must be dismissed because it was not filed within the time provided by that statute.

IT IS THEREFORE ORDERED that petitioner's Motion to Take Judicial Notice of Denial of Motion to Recall the Mandate of The Supreme Court of Kansas (Doc. 4) is granted.

IT IS FURTHER ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge